IN THE MATTER OF THE PETITION OF DANIEL CHAPPELL, AN IMPRISONED DEBTOR.

*Petition for the discharge of an imprisoned debtor—what is a sufficient statement of the cause of imprisonment.*

A petition for the discharge of an imprisoned debtor sufficiently sets forth the cause of his imprisonment, if it allege that he is confined in the county jail, by virtue of an execution against his person, issued in a civil action brought by a plaintiff therein named.

APPEAL from an order of the Richmond County Court discharging the petitioner, a judgment debtor, from the custody of the sheriff.

*George P. Avery*, for Sarah Mertage, creditor appellant.

*W. J. Powers*, for the petitioner.

DYKMAN, J.:

This is an appeal from the County Court of Richmond county, from an order discharging Chappell from imprisonment under the statute relating to voluntary assignments by imprisoned debtors.

The regularity of the proceedings is challenged for the cause that the petition of the debtor did not set forth the cause of his imprisonment. The petition of the debtor, on this point, is that he is a prisoner, confined in the common jail of Richmond county, on execution issued out of Richmond County Court, in a civil cause at the suit of Sarah Mertage, for the sum of $204, as appears by the certificate of the sheriff hereto annexed. The certificate of the sheriff is entitled, in the action of Daniel Chappell at the suit of Sarah Mertage, and states that the defendant is a prisoner confined within the common jail of the county of Richmond, on execution at the suit of the above-named plaintiff, by virtue of an execution against the person, issuing out of the County Court. The statute on this point is, that the petition shall set forth the cause of the imprisonment of the appellant, and this requirement is satisfied by this petition. The cause of the imprisonment is the judgment and execution.

This is the only point raised by the appeal, and the order appealed from must be affirmed, with costs and disbursements.

BARNARD, P. J., and GILBERT, J., concurred.

Order affirmed, with costs and disbursements.